J-S17028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
            v.                       :
                                   :
                                   :
MALCOLM ELLIOT LEMAY             :
                                   :
           Appellant          :     No. 123 MDA 2021

Appeal from the Judgment of Sentence Entered December 8, 2020,
in the Court of Common Pleas of Adams County,
Criminal Division at No(s): CP-01-CR-0000482-2020.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:      **FILED: AUGUST 19, 2021**

     Malcolm Elliot Lemay appeals from the judgment of sentence imposed after a jury convicted him of criminal attempt to escape, resisting arrest or other law enforcement, criminal attempt to commit theft from a motor vehicle, and other misdemeanor charges.[1] Lemay's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). Upon review, we grant counsel's petition, and affirm the judgment of sentence.

     The facts in this case are as follows:

> On May 10, 2020, Officer Bryan Holden of the Gettysburg Borough Police Department was on patrol in Gettysburg, PA. Officer Holden encountered [Lemay] at approximately 6:30 AM

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 5104, and 3904(a) respectively.

around Zerfing Alley, an area that Officer Holden knew had a recent rash of vehicle break ins. Officer Holden contacted fellow Gettysburg Police Officer Brian Weikert, who was in the area, and both police officers began to follow [Lemay]. Officer Weikert witnessed [Lemay] attempting to pull the handle of a car door on a silver Subaru on Hanover Street. Officer Weikert informed Officer Holden of this observation and both officers proceeded to follow [Lemay] for approximately 1.8 miles, losing sight of [Lemay] at different points in time while doing so.

Around the area of Racehorse Alley, Officer Holden witnessed [Lemay] attempting to open a parked white Buick and a silver Nissan by pulling on the car door handles. After witnessing both of [Lemay]'s attempts to open the different car doors, Officer Holden radioed to Officer Weikert to inform him of these observations. Officer Weikert made contact with [Lemay] and placed [Lemay] under arrest for attempting a theft from a motor vehicle.

After [Lemay] was placed under arrest, he was put in the back of an unmarked police vehicle without a cage barrier. Officer Holden then proceeded to call Officer Eric Yost of the Conewago Township Police Department, who was in close proximity, in order to secure a marked police vehicle in which to transport [Lemay]. Officer Yost picked up Officer Weikert and took him to get a marked police vehicle. Once Officer Yost and Officer Weikert arrived with the marked police vehicle, Officer Holden and Officer Weikert moved [Lemay] to the marked police vehicle. While in the marked police vehicle, [Lemay] stated he had knee pain and that his handcuffs were too tight, and he then stood up so the officers could loosen the handcuffs.

Once the handcuffs were loosened, [Lemay] fell to the ground outside the police vehicle and went dead weight, refusing to move his body from the ground. After several minutes of attempting to get [Lemay] off the ground, the officers were able to put [Lemay] into the back of the police vehicle. [Lemay] however, kept his feet outside of the vehicle and refused to put them back in it. As the officers attempted to get [Lemay]'s feet inside the vehicle, [Lemay] jumped up and shouldered Officer Holden and attempted to run away from the officers. [Lemay] made it approximately five to eight yards before Officer Holden was able to take [Lemay] to the ground.

The officers were then forced to place leg shackles on [Lemay] to prevent any further attempted escapes. [Lemay] continued to resist the police officers while they were attempting to put the leg shackles on him and was not cooperating with their attempts. The entire scuffle with the police took approximately 20 minutes before [Lemay] was firmly in the back of the marked police vehicle. Once [Lemay] was secured, he was transported to Gettysburg Hospital to ensure that he was not injured.

Trial Court Opinion, 2/3/21, at 2-4 (quotations omitted).

A jury trial was held on October 6, 2020, and Lemay was convicted of the above charges. After Lemay was sentenced on December 8, 2020, Lemay filed a motion to reconsider sentence, *nunc pro tunc,* along with his notice of appeal on January 5, 2021. The trial court denied the motion on January 6, 2021, because it believed it lacked jurisdiction,[2] and directed Lemay to file a concise statement of errors. Lemay then filed his concise statement of errors pursuant to rule 1925. Lemay's counsel, Paul B. Royer, filed an **Anders** brief with this Court.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to

---

[2] We note that the trial court actually had jurisdiction for thirty days from the date of sentence to grant reconsideration, notwithstanding that a notice of appeal had been filed. **See** Pa.R.A.P. 1701(b)(3).

- 3 -

withdraw).  Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).  In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.  Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of **Anders**.

Counsel indicated that he reviewed the record and concluded that Lemay's

appeal is frivolous. Further, the **Anders** brief substantially comports with the

requirements set forth by our Supreme Court in **Santiago**. Finally, the record

included a copy of the letter that counsel sent to Lemay stating counsel's

intention to seek permission to withdraw and advising Lemay of his right to

proceed *pro se* or retain new counsel and file additional claims. Accordingly,

as counsel has complied with the procedural requirements for withdrawing

from representation, we will conduct an independent review to determine

whether Lemay's appeal is wholly frivolous.

Lemay's counsel addresses five issues Lemay wished to raise in the

**Anders** brief. [3] In his first issue, Lemay challenges the sufficiency of the

evidence to sustain his convictions for attempted escape and resisting arrest.

Our standard and scope of review for a sufficiency challenge is well-

established:

> The standard we apply in reviewing the sufficiency of the
> evidence is whether viewing all the evidence admitted at trial in
> the light most favorable to the verdict winner, there is sufficient
> evidence to enable the fact-finder to find every element of the
> crime beyond a reasonable doubt. In applying [the above] test,
> we may not weigh the evidence and substitute our judgment for
> the fact-finder. In addition, we note that the facts and
> circumstances established by the Commonwealth need not
> preclude every possibility of innocence. Any doubts regarding a
> defendant's guilt may be resolved by the fact-finder unless the

---

[3] We note that the brief mentions weight of the evidence, but no challenge
of the weight of the evidence is ever made. **See** Lemay's Brief at 3-4.

evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted).

In order to establish the crime of escape, the Commonwealth must prove a person unlawfully removed himself from "detention or fail[ed] to return to official detention following temporary leave granted for a specific purpose or limited period." 18 Pa.C.S.A. § 5121(a). Force is not a requirement under the statute but can be used as a basis for enhancement when sentencing a defendant found guilty of the crime of escape. ***See*** 18 Pa. C.S.A. §5121 (d)(ii).

In order to establish the offense of resisting arrest, the Commonwealth must show that a defendant, with the intent of preventing a public servant from effecting a lawful arrest, created the substantial risk of bodily injury to the public servant, or employed the means requiring substantial force to overcome the resistance. ***Commonwealth v. Thompson***, 922 A.2d 926, 928 (Pa. Super. 2007). A defendant's use of passive resistance is sufficient to find him guilty of resisting arrest. ***Id.***

Here, the evidence showed that the police arrested Lemay for breaking into cars. While the officers were trying to put Lemay in the car, Lemay attempted to escape by shouldering past Officer Holden. Lemay got approximately "five or eight yards" away from the car before Officer Holden was able to stop Lemay. N.T., 12/11/20 at 48-49. Additionally, Lemay "would hook his feet either underneath the partition, the cage area of the vehicle, or purposely put his head in the door frame" in order to prevent being put into the police vehicle. *Id.* at 51.

Based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence to convict Lemay of the above charges. As detailed by the trial court above, Lemay's actions following his arrest supported both of his convictions.

In his second and third issues, Lemay claims that the trial court erred in denying Lemay's request to represent himself and denying his request to choose a different attorney. We address these issues together.

A defendant does not have an automatic right to represent himself at trial. *Commonwealth v. El*, 977 A.2d 1158, 1163 (Pa. 2009). Also, a defendant's right to appointed counsel does not include the right for a defendant's choice of counsel. *Commonwealth v. Floyd*, 937 A.2d 494, 497 (Pa. Super. 2007). Moreover, "issues not raised in the lower court are waived and cannot [be] raised for the first time on appeal." Pa.R.A.P. 302(a). Issues

that are waived are frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008).

Here, the trial court granted Lemay's motion for a continuance because Lemay indicated that he would hire private counsel or seek to represent himself. **See** Motion for Continuance, September 14, 2020. However, Lemay never requested that counsel withdraw, hired private counsel, or further sought to represent himself. Despite having various opportunities to do so, (such as when the trial court informed him of the maximum penalties, on the day of jury selection, or as a preliminary matter prior to trial), Lemay never raised these issues with the trial court. **See** N.T., 12/11/20, at 3-4. Lemay therefore waived these issues, and they are frivolous.

In his fourth issue, Lemay argues that the trial court erred in not allowing him to choose his own jury members.

Upon review, the record shows that Lemay was present with his attorney during the jury selection and was able to take part in that process. However, Lemay never raised any objection. Trial Court Opinion, 2/3/21, at 4. Because Lemay failed to preserve this issue, it is waived and therefore is frivolous.

In his fifth issue, Lemay challenges the discretionary aspects of his sentence without specifying a reason. We note however that a challenge to the discretionary aspects of a sentence does not entitle an appellant to appellate review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). This Court has explained that, to reach the merits of a

discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, although counsel and the court apprised Lemay of his post-sentence rights, Lemay did not voice his desire to file a post-sentence motion until well after ten days had passed from sentencing. Because the motion was untimely, Lemay did not properly preserve his sentencing claim. Consequently, Lemay failed to satisfy the requirements under **Colon**, and we will not consider the merits of this claim. This issue is frivolous.

In sum, we conclude that all of Lemay's issues are wholly frivolous. Furthermore, as required by *Anders*, we have independently reviewed the record to determine whether there are any non-frivolous issues present in this case. Our review of the record discloses no other non-frivolous issues that Lemay could raise that counsel overlooked. *See Dempster*, *supra*.

Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/19/2021